**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3417
_____

APRIL CARROLL, as ADMINISTRATOR of ESTATE OF KEVIN CARROLL, and in
her own right

v.

COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES LLC, d/b/a
BRIGHTON REHABILITATON AND WELLNESS CENTER; SAMUEL HALPER;
EPHRAM LAHASKY; HEALTHCARE SERVICES GROUP, INC.; HCSG EAST, LLC

Comprehensive Healthcare Management Services, LLC, d/b/a Brighton
Rehabilitation and Wellness Center; Samuel Halper; Ephram Lahasky,
Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-22-cv-00686)
Honorable David S. Cercone

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(April 18, 2024)

Before: HARDIMAN, PHIPPS, and SMITH, *Circuit Judges*.

(Filed: April 19, 2024)

_____

OPINION[*]

———————

**HARDIMAN**, *Circuit Judge*.

A nursing home and its owners appeal the District Court's order remanding this case to state court. Because this case does not belong in federal court under *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021), we will affirm.

I

Kevin Carroll provided housekeeping and laundry services at Brighton Rehabilitation and Wellness Center, a nursing home in Beaver County, Pennsylvania. While working at Brighton, he caught COVID-19, which tragically caused his death. His wife April Carroll, as administrator of his estate, sued Brighton and its owners in Pennsylvania state court, alleging various state-law claims, including negligence and wrongful death.

Brighton and its owners (collectively, Brighton) removed the case to federal court. As relevant here, they contended that the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e, provided a basis for federal-question jurisdiction. The District Court disagreed and remanded the case to state court, applying our precedent in *Maglioli*, 16 F.4th 393. *See Carroll v. Comprehensive Healthcare Mgmt. Servs., LLC*, 2022 WL 17156776, at *11 (W.D. Pa. Aug. 16, 2022), *report and*

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*recommendation adopted*, 2022 WL 17105481 (W.D. Pa. Nov. 22, 2022). Brighton now appeals.[1] Because we agree with the District Court that *Maglioli* requires remand, we will affirm.

II

Brighton maintains that federal jurisdiction is proper on three grounds.

Brighton first argues that federal-question jurisdiction is proper under 28 U.S.C. § 1331 because the PREP Act completely preempts Carroll's state-law causes of action. We disagree because Carroll alleges only negligent wrongdoing by Brighton. The PREP Act requires willful misconduct, which Carroll does not allege. *See* 42 U.S.C. § 247d-6d(d)(1); *Maglioli*, 16 F.4th at 407–08. Carroll's "claims thus do not fall within [the] scope of the [PREP Act's] exclusive federal cause of action. They are not completely preempted, so they belong in state court." *Maglioli*, 16 F.4th at 407–08.

Brighton next contends that removal to federal court is proper under 28 U.S.C. § 1442(a)(1). That statute allows a federal officer—or "any person acting under that officer"—to remove a civil action from state court to federal court. We rejected this argument in *Maglioli*, which binds us here. "[N]ursing homes [such as Brighton] do not assist or help carry out the duties of a federal superior. They are not government contractors. . . . They are not delegated federal authority, nor do they provide a service

_____

[1] "The issue here is whether the District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1442. Because [Brighton] appeal[s] the issue of federal-officer removal, we may also review the parts of the District Court's order rejecting removal based on complete preemption and a substantial federal issue. We review issues of subject-matter jurisdiction de novo, including a court's decision to remand for a lack of jurisdiction." *Maglioli*, 16 F.4th at 402–03 (cleaned up).

that the federal government would otherwise provide." *Maglioli*, 16 F.4th at 405 (citation omitted). Brighton thus was not acting under a federal officer.

Finally, Brighton argues that this case raises a substantial federal issue such that federal-question jurisdiction is proper under 28 U.S.C. § 1331. Normally, a case arises under federal law only when federal law creates the cause of action asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). But "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). For federal jurisdiction to lie under this exception, the federal issue must be "necessarily raised" by the state-law claims. *Gunn*, 568 U.S. at 258. The federal issue is not necessarily raised here because the PREP Act is not an essential element of any of the state-law claims. *See Maglioli*, 16 F.4th at 413. "We therefore lack federal-question jurisdiction under *Grable*." *Id.*

\*     \*     \*

The District Court was correct to hold that *Maglioli* forecloses federal-court jurisdiction over this case. We will affirm.